UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JERSEY: OSORIO,
    *Plaintiff*,

v.

DAWN GALLO OR SUCCESSOR,
    *Defendant.*

No. 3:19-cv-151 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Jersey: Osorio ("Plaintiff"), formerly incarcerated, brought this case *pro se* against Dawn Gallo ("Defendant"), a prosecutor who represented the state of Connecticut in a criminal case against Plaintiff. Compl. at 3–4, ECF No. 1 (Feb. 1, 2019).

Plaintiff claims that Defendant did not establish subject matter jurisdiction under 28 U.S.C. § 1331 in the state criminal case against Plaintiff. Plaintiff asserts that the state criminal conviction should be voided for lack of subject matter jurisdiction.

Ms. Gallo has moved to dismiss the Complaint. Mot. to Dismiss, ECF No. 10 (Mar. 13, 2019) ("Def.'s Mot.").

For the following reasons, the motion to dismiss is **GRANTED.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Factual Allegations[1]

On April 11, 2010, Plaintiff was arraigned in Connecticut Superior Court, Judicial District of Litchfield, in case number LLI -CR10-0135736-T. Compl. at 4. Ms. Gallo allegedly represented the state of Connecticut against Plaintiff in this case. *Id.*

---

[1] All factual allegations are taken from Plaintiff's Complaint, except where judicial notice is taken.

1

On February 8, 2012, Plaintiff received a sentence of twenty years of imprisonment, suspended after nine years, and twenty years of probation under Conn. Gen. Stat. § 53-21(a)(2) (Injury or risk of injury to, or impairing morals of, children. Sale of children); and five years of imprisonment, execution suspended, and five years of probation under Conn. Gen. Stat. Ann. § 53a-73a (Sexual assault in the fourth degree). State of Conn. Judicial Branch, Criminal/Motor Vehicle Conviction Case Detail, Docket No. LLI-CR10-0135736-T (last accessed Mar. 29, 2020)).

### B. Procedural History

Jersey:Osorio sued Ms. Gallo on February 1, 2019, demanding evidence that the State of Connecticut had subject matter jurisdiction over him. Compl. Plaintiff attached five exhibits to the Complaint. Compl. Ex. A, ECF No. 1-4 (UCC Financing Statement (May 31, 2016)) ("UCC Financing Statement"); Compl. Ex. B, ECF No. 1-5 (Jersey Osorio Trust Documents (May 5, 2017)) ("Jersey Osorio Trust"); Compl. Ex. C, ECF No. 1-6 (Private Registered Self-Backed Bond Based on Future Earnings In re: Live Birth of Jersey Osorio, U.S. Dep't of Treasury (June 1, 2016), and Jersey Osorio Certificate of Naturalization (Aug. 2, 2006)) ("Jersey Osorio Bond" and "Jersey Osorio Naturalization Certificate"); Compl. Ex. D, ECF No. 1-7 (Notice of Affidavit Sent to Clerk of Courts, Sent to US Treasury Dep't, Filed Copy of Discharged Bonds) ("Affidavit and Bonds"); Compl. Ex. E, ECF No. 1-8 (Affidavit of Truth (Jan. 30, 2019) and Common Law Copyright Notice (May 5, 2016)) ("Affidavit of Truth" and "Common Law Copyright").

On March 13, 2019, Ms. Gallo filed a motion to dismiss the Complaint, along with a memorandum of law. Mot. to Dismiss; Mem. in Supp. of Mot. to Dismiss, ECF No. 10-1 (Mar. 13, 2019) ("Def.'s Mem."). Ms. Gallo also attached an exhibit consisting of criminal/motor

vehicle conviction case detail regarding Jersey:Osorio, and a ruling by another court in this District on another lawsuit brought by Jersey:Osorio. Def.'s Mot. Ex., ECF 10-2 at 2 (State of Conn. Judicial Branch, Criminal/Motor Vehicle Conviction Case Detail for Jersey Osorio (accurate as of Mar. 12, 2019)) ("State Conviction Case Detail")); Def.'s Mot. Ex., ECF No. 10-2 at 3–16 (*Osorio v. Connecticut*, No. 3:17-cv-1210 (CSH), 2018 WL 1440178 (D. Conn. Mar. 22, 2018)).

On March 25, 2019, Plaintiff filed a response to the motion to dismiss. Pl.'s Resp., ECF No. 11 (Mar. 25, 2019).

On July 11, 2019, Plaintiff filed a response to the Court's order to comply with Fed. R. Civ. P. 26(f). Resp. to Court's Order to Comply, ECF No. 13 (July 11, 2019) ("Pl.'s 26(f) Resp."). This filing consisted largely of substantive reiterations of Plaintiffs' claims.

On March 2, 2020, Plaintiff filed a "Demand for Judgment" and motion for the Court to enter an "Order for Non-Response of Jurisdictional Issues and Release of any/all Property." Mot. for Order, ECF No. 14 (Mar. 2, 2020) ("Pl.'s Demand for Judgment").

## II. STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.")).

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

Complaints filed by *pro se* plaintiffs "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir.

2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants). However, the complaint must still include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

### III. DISCUSSION

Plaintiff claims that the Superior Court of Connecticut did not have subject matter jurisdiction under 28 U.S.C. § 1331 in his criminal case. Compl. at 4. In his view, "[t]he court failed to observe safeguards in determining subject matter jurisdiction, therefore, it amounted to a denial of due process of law, with the court being deprived of jurisdiction." *Id.* Plaintiff "demands to see the supposed jurisdiction duly placed into evidence by the State of Connecticut Superior Court." *Id.* at 5. He further claims to have "never been given the opportunity to rebut any unstated presumption of subject matter jurisdiction, therefore, it must be conclude[d] that none exists nunc pro tunc and the case to have been void." *Id.* Plaintiff also appears to request that his personal property allegedly held by the State of Connecticut be released to him upon a determination that his state conviction is void for lack of subject matter jurisdiction. *Id.* at 14, 21.

Defendant argues that "[p]rosecutorial [i]mmunity bars the claims against the defendant prosecutor," that "the entire action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)," and that "this claim is 'patently frivolous' and should be dismissed." Def.'s Mem. at 1.

Plaintiff argues in response that Defendant is not immune, citing the "Accardi Doctrine." Pl.'s Resp. at 9 (quoting *United States v. Heffner*, 420 F.2d 809, 811 (4th Cir. 1969) ("An agency of the government must scrupulously observe rules, regulations, or procedures which it has established. When it fails to do so, its action cannot stand and courts will strike it down. This

doctrine was announced in *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)")"). Plaintiff also argues that he "is not fighting his conviction" but rather "is challenging the court[']s subject matter jurisdiction to hear the case in the first place." Pl.'s Resp. at 3. He contends that 28 U.S.C. § 1331 "requires [ ] proof of jurisdiction to appear on the official record," and that "he has merely requested that all documents that were used to establish the trial courts subject-matter/personal jurisdiction be produced for inspection[.]" *Id.* at 6–7. He also "demands immediate release of his property currently be[ing] held by the State of Connecticut, for a void case which lacked of jurisdiction in the above-mentioned recorded case." *Id.* at 7. He argues that "[j]udgments entered where court lacks either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside," and that his conviction should therefore be vacated. *Id.* at 13.

The Court disagrees.

The United States Supreme Court has determined that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87. Plaintiff's action could be construed as either one under 42 U.S.C. § 1983, since he appears to seek monetary relief based on a claim that Defendant violated his rights under federal law, or, because Plaintiff appears to challenge the validity of his underlying conviction, as a petition for habeas corpus. *Heck*, 512 U.S. at 481–82 ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." (internal citation and quotation marks omitted)). In either case,

6

as another court in this District has already ruled in *Osorio*, 2018 WL 1440178, at *4–*5, Plaintiff's action is barred.

Because Plaintiff's Complaint here "would necessarily imply that [his] criminal conviction was wrongful," *id.* at 487 n.6, and he has still not shown exhaustion of his state remedies, his Complaint will be dismissed for the same reasons the court dismissed his complaint in *Osorio*, 2018 WL 1440178, whether it is construed as a claim under Section 1983 or a habeas corpus action. *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.").

Additionally, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [Section] 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Thus, to the extent that Plaintiff claims that Defendant violated his rights under Section 1983 based on her prosecution of the case against him, Defendant is entitled to absolute immunity.[2]

While Plaintiff argues that he is not bringing a habeas claim or otherwise challenging his underlying conviction, but rather simply asking for proof of subject matter jurisdiction in his underlying state proceeding, he has not identified any procedural vehicle for granting such relief. Indeed, any claim which calls into question Plaintiff's underlying conviction is barred. *See Heck*, 512 U.S. at 481–82, 487 ("Congress has determined that habeas corpus is the appropriate remedy

---

[2] Plaintiff's reliance on the Accardi Doctrine to argue against prosecutorial immunity is inapt. "The Accardi doctrine is a 'judicially-evolved rule ensuring fairness in administrative proceedings' by requiring 'that the rules promulgated by a federal agency, which regulate the rights and interests of others, are controlling upon the agency.'" *Clarry v. United States*, 85 F.3d 1041, 1047 (2d Cir. 1996) (quoting *Montilla v. Immigration and Naturalization Serv.*, 926 F.2d 162, 166, 168 (2d Cir.1991); *see also Fed. Defs. of N.Y., Inc. v. Fed. Bureau of Prisons*, No. 19-1778, 2020 WL 1320886, at *8 (2d Cir. Mar. 20, 2020) (The Supreme Court articulated in *Accardi* that federal "government agencies are generally required to follow their own regulations."). The Accardi Doctrine does not bear on prosecutorial discretion. Moreover, Plaintiff's claims do not involve federal agency action or administrative regulations. Thus, the Accardi Doctrine is irrelevant.

for state prisoners attacking the validity of the fact or length of their confinement;" "[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." (internal citation and quotation marks omitted)).

In any event, subject matter jurisdiction under 28 U.S.C. § 1331 is irrelevant to Plaintiff's state criminal conviction. Section 1331 provides that "federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. "'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 616 (2d Cir. 2019) (internal citation omitted). But Connecticut Superior Courts are trial courts which have general jurisdiction over criminal cases. *Cf. State v. Coleman*, 242 Conn. 523, 536 (1997) (observing, tacitly, that Connecticut Superior Courts have general criminal jurisdiction). Thus, Plaintiff's claims have no merit, even if this Court could grant relief.

Finally, the court in *Osorio*, 2018 WL 1440178, observed that "Plaintiff appears to consider himself a 'sovereign citizen.'" *Id.* at *5. "As the Second Circuit has described, 'sovereign citizens' is 'a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior.'" *Id.* (quoting *United States v. Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. 2013)).

Plaintiff here still appears to consider himself a "sovereign citizen," referring to himself as "a real flesh and blood man/woman," Compl. at 3, and "declar[ing] his 'person' to be a 'stateless person' [ ] outside any/all general jurisdiction," Pl.'s Resp. at 8. He argues that "[a]ll

[stateless persons] fail to be subject to the jurisdiction of any federal courts because they are in fact domiciled outside of the general jurisdiction of the federal government." *Id.*

To the extent that his lawsuit relies on a theory that he is not subject to the laws of the State of Connecticut because he is a "sovereign citizen," it will be dismissed because this is an "indisputably meritless legal theory." *Montero v. Travis*, 171 F.3d 757, 759–60 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED** with prejudice.

The Clerk of the Court is respectfully directed to enter judgment and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 31st day of March, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE